**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| | ) | **18 CR 803** |
| v. | ) | **Honorable Gary Feinerman** |
| | ) | |
| **ROBERT MCCAMURY,** | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE</u>**

NOW COMES, Defendant, ROBERT MCCAMURY, by and through his attorney, QUINN A. MICHAELIS, and respectfully moves this Honorable Court pursuant to the Federal Rules of Criminal Procedure, to conduct an evidentiary hearing to suppress evidence obtained as the result of the illegal arrest of Mr. McCamury. In support thereof, Mr. McCamury states as follows:

I. INTRODUCTION

According to the police report generated in this case, on September 12, 2018, members of the Area North Gang Enforcement Division were out on patrol in area the report describes as a "high crime area." According to the report, officers observed Robert McCamury standing on a street corner smoking a hand-rolled cigar, and officers could smell a "strong odor of burning cannabis emanating from the offender." After this observation, the officers approached Mr. McCamury, at which point he dropped the hand-rolled cigar, and "fled on foot." When the officers detained Mr. McCamury, and one of the officers observed and removed a handgun from Mr. McCamury's waistband.

II. ARGUMENT

The United States Constitution guarantees the right of persons to be secure from unreasonable searches and of their persons, houses, papers, and effects. U.S. Const. Amend. IV. Evidence must be excluded if it was discovered by exploitation of illegal police conduct *Wong Sun v. United States*, 371 U.S. 471 (1963). "Probable cause" exists to make warrantless arrest when facts and circumstances within officer's knowledge are sufficient for reasonably prudent person to believe that suspect has committed a crime. *United States v. Cortez*, 449 U.S. 411, 418 (1981). To determine whether an officer had probable cause to arrest an individual, a court will examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. *Ornelas v. United States* 517 U.S. 690, 696 (1996).

The threshold for probable cause to arrest is based upon "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949). A probable cause determination is based on the totality of the circumstances and, officers are not required to rule out every possible explanation other than a suspect's illegal conduct before making an arrest, but an arresting officer must be able to articulate concrete facts from which the totality of the circumstances indicates that an arrest is warranted. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

To start, according to subsequent statements of the officers, the officers first noticed Mr. McCamury because of the smell of burning cannabis. However, unlike a situation where an officer bases his probable cause determination on the smell of odor emanating from a vehicle, (*See United States v. Mosby*, 541 F.3d 764 (7th Cir. 2008), Mr. McCamury was standing outside, on a street corner, along with either two (Statement of Officer Tellez-Sandoval), three (Statement of Officer Collazo) or a couple of other people (Statement of Officer Munteen).

Furthermore, according to subsequent interviews of the officers, Mr. McCamury did not "flee on foot," but rather, per Officer Tellez-Sandoval, Mr. McCamury noticed the police cars and started to walk away from them. According to Officer Hoss's statement, once, Mr. McCamury saw officers in front of him he turned around an headed the other direction, only to run into Officer Muntean, knocking them both to the ground. This situation is less than "fleeing on foot" and more akin to the situation presented in *Florida v. Royer*, 460 U.S. 491 (1983), holding that a "person approached…need not answer any question put to him…he may decline to listen to the questions at all and may go on his way." *Id*. at 498.

      Prior to the discovery of the handgun, according to the statement of Officer Hoss, he and Officer Esquival attempted to cuff Mr. McCamury by moving him onto his stomach and pulling on his arms to handcuff him. An individual is "seized" when an officer restrains the freedom of a person to walk away. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975). As such, Mr. McCamury's ability to walk away was restrained to such a degree that he would have been unable to walk away. It was at this point that the gun was recovered from his waistband.

      Because Mr. McCamury's arrest at this point was not supported by probable cause, the arrest must be quashed and the fruits of the search of his person must be suppressed.

WHEREFORE, Defendant ROBERT McCAMURY respectfully requests that this Honorable Court quash his arrests and suppress from introduction into evidence any evidence that officers illegally obtained from Mr. McCamury's person, as fruit of the poisonous tree.

Respectfully Submitted,

/s Quinn A. Michaelis

Quinn A. Michaelis
Attorney for Robert McCamury
73 W. Monroe, Suite 106
Chicago, IL 60603
312-714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, I electronically filed the above

**DEFENDANT'S MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on May 28, 2019

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For Robert McCamury
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920