UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 803 |
| v. | |
| ROBERT MCCAMURY | Hon. Gary Feinerman |

## GOVERNMENT'S SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits the following sentencing memorandum.[1] The government agrees with the PSR that the correct advisory Sentencing Guidelines sentence in this case is 120 months[2], and recommends a sentence of 120 months' incarceration, followed by a term of supervised release of three years.

## I. BACKGROUND[3]

Defendant, a 26-year-old convicted felon, was charged by indictment on November 27, 2018, with possession of a firearm by a felon in violation of Title 18,

---

[1] The government apologizes for the untimely nature of this sentencing memorandum. This Court ordered the parties to simultaneously file sentencing memoranda on February 27, 2020. Dkt. 50. However, undersigned counsel failed to properly calendar the due date for this sentencing memorandum and did not notice until today that the government had missed the filing deadline.

[2] Under the Guidelines, the advisory Guidelines range would be 120-150 months, however, defendant pleaded guilty to one offense, felon in possession of a firearm, which has a statutory maximum of 120 months' incarceration. Therefore, the advisory Guidelines range is 120 months' incarceration. *See* Guideline § 5G1.1.

[3] The facts underlying this case and discussed herein are set forth in several sources, including the Presentence Investigation Report ("PSR"), the Government's Version of the Offense ("G.V.," attached to the PSR), and the district court record ("Dkt.").

United States Code, Section 922(g) and possession of marijuana in violation of Title 21, United States Code, Section 844(a). Dkt. 1. On December 3, 2019, defendant pleaded guilty to one count of § 922(g) pursuant to a written plea agreement. A sentencing hearing is currently scheduled for March 19, 2020 at 10:30 a.m.

## II. FACTUAL SUMMARY

In May 2018, defendant McCamury was released on parole from the custody of the Illinois Department of Corrections. Defendant signed a letter acknowledging that he knew he was a convicted felon, and that he further understood he could not legally possess a firearm and could be charged federally if he was later found to possess a firearm.

On the evening of September 12, 2018, a group of Chicago Police Officers in two unmarked squad cars were on patrol near the 4800 block of Maypole Avenue in Chicago, when some of the officers observed defendant McCamury standing outside smoking what appeared to be a hand-rolled cigar which smelled of burning cannabis. Officers from both cars got out to approach the defendant; the defendant attempted to walk away from officers he saw approaching, but while doing so, he accidentally turned right into a Chicago Police Department Officer, knocking down both the defendant and the officer.

As they were falling to the ground, the officer saw the defendant's T-shirt lift up, and was able to see a firearm in defendant's waistband. Officers recovered from defendant's waistband a loaded Smith and Wesson, model SD9VE, 9mm semi-

automatic pistol, bearing serial number HFN7303. The pistol had an attached magazine capable of holding over fifteen rounds of ammunition.

A subsequent search of defendant's pockets found a bag containing twelve smaller bags, with each small bag containing cannabis, for a total of approximately 22.6 grams of cannabis. A total of $289 in currency was also found in defendant's pocket. Additionally, the hand-rolled cigar was recovered, and subsequent testing determined it contained 0.4 grams of cannabis.

## III.  ARGUMENT

Before imposing a sentence of imprisonment or a term of supervised release, the Court must calculate the applicable advisory Guidelines range and consider the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 46 (2007). If a term of supervised release is imposed, the Court must consider defendant's offense conduct and the factors set forth in 18 U.S.C. §§ 3583(c) and 3553(a)(1), (a)(2)(C), and (a)(2)(D) in fashioning specific supervised release conditions. *See United States v. Thompson*, 777 F.3d 368, 377 (7th Cir. 2015); *United States v. Siegel*, 753 F.3d 705, 716-17 (7th Cir. 2014). In this case a sentence within the advisory Guidelines range is sufficient but not greater than necessary to satisfy the goals of Section 3553(a).

### A.    The Advisory Sentencing Guidelines Range

The advisory Guidelines calculations are based on the November 2018 version of the Sentencing Guidelines Manual. The Government agrees with the Guidelines calculations set forth in the PSR at ¶¶ 14-49, as set forth below:

### 1.    Offense Level Calculations

**i.**    Pursuant to Guideline § 2K2.1(a), the base offense level is 26 because the firearm possessed by defendant was a semiautomatic firearm capable of accepting a large capacity magazine and because defendant previously had sustained one prior felony conviction for a crime of violence (a 2016 robbery conviction) and one prior felony conviction for a controlled substance offense (a 2013 conviction for manufacturing/delivering cocaine).  PSR ¶ 14.

**ii.**    Pursuant to Guideline § 2K2.1(b)(6)(B), the offense level is increased by 4 levels because the defendant used or possessed the firearm in connection with another felony offense, namely, possession of cannabis after sustaining a conviction for possession with intent to deliver cocaine, in violation of Title 21, United States Code, Section 844(a).  PSR ¶ 15.

**iii.**    Defendant has accepted responsibility and pleaded guilty in a timely manner, and should receive a three-level reduction under Guideline § 3E1.1. PSR ¶¶ 20, 21.

**iv.**    Therefore, the total offense level is 27.  PSR ¶ 22.

### 2.    Criminal History Category

The government and the PSR agree that defendant has several prior convictions that yield a total of 12 criminal history points, Criminal History Category V.  PSR ¶¶ 28-49.

Defendant has a number of cannabis-related convictions, which will be discussed in more detail below.  Besides the cannabis convictions, defendant has two

convictions that yield criminal history points[4]: (1) a 2012 conviction for manufacture/delivery of cocaine and (2) a 2016 conviction for robbery, unlawful restraint, and aggravated battery. PSR ¶¶ 37, 46. For the 2016 conviction, defendant was sentenced to 66 months' incarceration and was released on parole on July 19, 2019 – just months before the conduct in the instant case. Because defendant was on parole at the time of the offense conduct, he receives an additional two criminal history points under Guideline § 4A1.1(d). PSR ¶ 48.

The defendant's cannabis convictions merit additional discussion. Defendant has ten convictions for amounts of cannabis less than 30 grams. PSR ¶¶ 30, 31, 32, 33, 34, 35, 38, 39, 40, 43, and 45. Defendant was sentenced to periods of incarceration for each of those convictions, ranging from 2 days to 20 days. *Id.* Because each of these convictions yield one criminal history point under § 4A1.1(c), for purposes of calculating the criminal history score, the total number of points that can come from these convictions is capped at four.[5] Defendant also has a prior conviction for manufacture/delivery of cannabis (30-500 grams) for which he was sentenced to 30 days' incarceration, which also yields one criminal history point. PSR ¶ 36.

---

[4] Defendant has a juvenile conviction for aggravated unlawful use of a weapon, which yields no criminal history points. PSR ¶ 28. He also has the following adult convictions which do not yield criminal history points: (1) a 2012 conviction for soliciting unlawful business; (2) a 2014 conviction for narcotic-related loitering; and (3) a 2014 conviction for street gang contact while on parole. PSR ¶¶ 29, 41, 42.

[5] Application Note 3 to § 4A1.1 states that "[a] maximum of four points may be counted" under § 4A1.1(c).

Under the recently-passed Illinois Cannabis Regulation and Tax Act,[6] it is the government's understanding that defendant's convictions that involved less than 30 grams of cannabis will be expunged. However, it is also the government's understanding that it will take years for all eligible convictions in Illinois will be expunged. The Court must calculate the Guidelines as of the date of sentencing; at this point all of defendant's convictions are still valid.

If all ten cannabis convictions for less than 30 grams were to be expunged, defendant would have nine criminal history points and would be Criminal History Category IV.[7] Therefore, the advisory Guidelines range would be 100 to 120 months' incarceration rather than 120 months' incarceration. The Court, after correctly calculating the advisory Guidelines ranges, should consider defendant's cannabis convictions as part of the § 3553(a) factors, as discussed before.

**B.    A Guidelines Range Sentence Is Appropriate Under Section 3553(a)**

**1.    The Nature and Circumstances of the Offense**

As set forth above, defendant possessed a semi-automatic firearm while standing on a street corner smoking cannabis. At the time of his arrest, he had on

---

[6] The text of the act is available at http://ilga.gov/legislation/publicacts/101/PDF/101-0027.pdf.

[7] Without the nine convictions, defendant still has one additional conviction that would yield one point under Guideline § 4A1.1(c) – the 2012 conviction for manufacture/delivery of 30-500 grams. PSR ¶ 36. Under the new Illinois law, the government's understanding is that convictions with over 30 grams of cannabis may also be expunged, though that expungement is more discretionary. If this conviction were also expunged, defendant would still be Criminal History Category IV with eight criminal history points.

his person almost $300 in cash and bag containing twelve smaller bags, each containing cannabis.  The possession of multiple smaller bags of cannabis and cash is consistent with an individual engaged in the sale of cannabis.

Possession of a firearm by a felon is a serious offense – made even more serious by the fact that defendant was recently paroled, and less than six months before his arrest in this case he signed a letter acknowledging that as a convicted felon, he was not supposed to possess a firearm. G.V. Ex. A.

Additionally, as set forth in the government's version, the firearm that defendant possessed was linked via ballistics to two prior shootings, one of which was a murder. *See* G.V. at 3-4.  There is no evidence that defendant was a participant in those shootings.  In fact, one of the shootings happened while defendant was still in IDOC custody.  However, the illegal purchase and possession of a firearm outside of the legal, regulated channels allows for individuals who have used a firearm to quickly dispose of the firearm – possibly to be used again in another violent crime. The undocumented nature of the sales makes it difficult for law enforcement to determine who owned or possessed the firearm at the time of the shootings. Defendant's illegal possession of this particular firearm continued this firearm's journey though the underground firearms market.

### 2.    Defendant's History and Characteristics

Defendant has a lengthy criminal history, despite being only 26 years old.  His most recent conviction involved a violent incident where he, along with other individuals, robbed a man using force.  PSR ¶ 46.  According to the police report, defendant struck the victim in the head and body with a closed fist, and told the other

perpetrators to "kill" the victim. *Id.* Following that conviction, defendant was released on parole in late May 2019 – approximately four months before the instant offense. *Id.*

The majority of defendant's prior convictions (though not the majority of his criminal history points, as explained above) are related to offenses involving less than 30 grams of cannabis. This Court can and should consider, in mitigation, the fact that these convictions will be expunged, which would lower defendant's criminal history. However, these convictions, and the circumstances surrounding these convictions, should also be considered in aggravation.

First, possession of cannabis in any amount remains a federal offense, even in Illinois. *See* 21 U.S.C. § 844. Therefore, defendant's conduct was and is unlawful, even if his state convictions are expunged.

Secondly, defendant's prior convictions show a complete lack of respect for the law. Defendant knew that possessing and/or selling cannabis was illegal, but was in no way deterred despite his frequent police contacts. On multiple occasions, he was arrested for possessing or selling cannabis within days of his release from jail. The summer of 2014 is instructive. Defendant was arrested four times in approximately six weeks for possession or manufacture/delivery of cannabis: July 13, 2014' August 8, 2014; August 13, 2014; and August 28, 2014. PSR ¶¶ 38, 39, 40, 43. Defendant was convicted on all four occasions. *Id.* Within days of his release from custody, defendant was right back to possessing and/or selling cannabis.

### 3. The Need To Provide Just Punishment, Afford Adequate Deterrence, Protect the Public, and Promote Respect for the Law

In addition to defendant's history of repeatedly violating the laws regarding cannabis, defendant also has a history of non-compliance with conditions of release. Most significantly, defendant committed the instant offense while on parole.

Additionally, in 2012, defendant was convicted of manufacture/delivery of cocaine. PSR ¶ 37. In May 2014, defendant was released from custody on supervision.[8] *Id.* As described above, in the summer and early fall of 2014, while on supervision, defendant was arrested and convicted of four separate cannabis-related crimes. PSR ¶¶ 38, 39, 40, 43. During this same time period, defendant was also arrested and convicted of narcotics-related loitering, soliciting unlawful business, and having streetgang contact while on parole. PSR ¶¶ 41, 42, and 44. Ultimately, after all these violations, defendant was returned to custody in October 2014 to serve several more months of incarceration. PSR ¶ 37.

Defendant's actions are also emblematic of a larger problem in Chicago: the illegal trafficking and possession of firearms. As a felon, defendant was not able to purchase this firearm though legal, traceable means. Instead, he obtained this firearm through grey market channels – and in doing so, procured a gun that had been used in two serious shooting incidents. Defendant may or may not have known that this firearm was "hot," but his possession of this firearm allowed the perpetrators

---

[8]    According to the PSR, defendant also escaped from his conditions of confinement in September of 2013, though the government is not aware of the circumstances of that notation in the PSR. PSR ¶ 37.

of those crimes to add a level of concealment to their possession of the weapon. The illegal firearms trade in Chicago and surrounding communities is an ongoing problem, and firearms-related prosecutions serve the purpose of deterring not only this defendant, but other felons contemplating illegally carrying a firearm.

### C. Recommended Conditions of Supervised Release

Given the circumstances of the offense, defendant's criminal history and, in particular, his parole and other release violations, the government recommends the maximum term of three years' supervised release. The applicable mandatory conditions of supervised release under 18 U.S.C. § 3583(d) are set forth on page 23 of the PSR. The government has no objection to the recommended discretionary and special conditions of Supervised Release set forth on pages 23 through 27 the PSR, and concurs with the probation officer's rationale for these conditions. Specifically, the government agrees that discretionary conditions (1), (4), (6), (8), and special conditions (1), (2), (3) and (11) promote the statutory factors of affording adequate deterrence to criminal conduct, protecting the public from further crimes by the defendant, and assisting the defendant in reintegrating into society upon his release. Providing defendant with adequate education[9] and job training which will be crucial in helping prevent recidivism.

---

[9] Defendant reported to the Probation Office that he had obtained his GED; however, the Probation Office was unable to confirm that defendant does have a GED. PSR ¶ 80. Therefore, a condition mandating defendant receive a GED will be beneficial to defendant if he did not complete the GED program and receive a certificate. Additionally, defendant told the Probation Office that he had no specialized training or skills, but that he had an interest in vocational training programs such as construction. PSR ¶ 81. A condition of supervised release that allows defendant to take advantage of vocational programs will help improve defendant's chances at stable employment and rehabilitation.

The government further agrees that discretionary conditions (14), (15), (16), (17), and (18) promote the statutory factor of allowing for effective monitoring of defendant during any supervised release term imposed.

The government further proposes two additional conditions that are not included in the PSR: discretionary conditions (7) and (9), which prohibit defendant from use of any controlled substances (7) and mandate substance abuse treatment, at the discretion of the probation officer (9). As described above, defendant has a lengthy history of arrests and convictions where defendant possessed cannabis. Defendant admitted to the Probation Office that he used marijuana "daily" from ages 13 through 19, he claimed that he stopped smoking marijuana at age 19. PSR ¶ 77. However, at the time of his arrest for this offense, he was smoking a hand-rolled cigar containing cannabis. Conditions of supervised release that prohibit drug use, and make drug treatment available to defendant, will support rehabilitation efforts.

### D. Restitution, Fine, and Forfeiture

Restitution is not an issue in this case, and the PSR and government both agree that defendant has no assets that would allow him to pay a fine. PSR ¶¶ 85-86. Pursuant to the plea agreement, defendant agrees to the entry of a forfeiture judgment, forfeiting the firearm and associated ammunition.

## IV. CONCLUSION

For the reasons stated above, this Court should sentence Robert McCamury within the advisory Guidelines range to 120 months' imprisonment, followed by a term of three years of supervised release.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    /s/ *Michelle Petersen*
MICHELLE PETERSEN
Assistant U.S. Attorney
219 South Dearborn Street, Room 500
Chicago, Illinois 60604
(312) 886-7655

Dated: March 8, 2020